**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 25 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ROBERTO VEGA-REY, also known
as Robertico Vega,

      Defendant - Appellant.

No. 03-2034
(D.C. No. CR-00-1462 LH)
(D. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **McKAY** and **McCONNELL**, Circuit
Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f). The case is therefore submitted without

oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Vega-Rey was charged by second superceding indictment filed in the United States District Court for the District of New Mexico with one count of Conspiracy to Possess with Intent to Distribute 50 Grams or More of a Mixture Containing Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), two counts of Possession with Intent to Distribute Less Than 5 Grams of a Mixture Containing Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of Possession with Intent to Distribute More Than 5 Grams of a Mixture Containing Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Before the second day of trial began, Appellant pled guilty to all four charges against him. On the day Appellant was scheduled for sentencing, Appellant requested a new attorney. The request was granted and sentencing was continued. Sentencing was continued four different times. The trial court subsequently sentenced Appellant to a term of 120 months of incarceration to be followed by five months of supervised release.

On appeal, Appellant claims that the district court sentenced him in violation of the law or contrary to the Guidelines because the court did not make a factual finding as to whether Appellant complied with the safety valve provision set forth in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. We review the district court's decision not to apply 18 U.S.C. § 3553(f)'s safety valve provision for clear error. United States v. Roman-Zarate, 115 F.3d 778, 784 (10th Cir. 1997).

Section 3553(f) provides that, in cases involving an offense under the Controlled Substances Act, the district court "shall impose a sentence . . . without regard to any statutory minimum sentence if the court finds at sentencing" that the defendant meets the five listed criteria.[2]  Id.

After reviewing the record and the briefs, we conclude that the district court did not clearly err.  It is undisputed that Appellant did not participate in a debriefing with the Government revealing all evidence and information concerning his offense as required by § 3553(f).  Rec., Vol. IV, at 4-10.  At sentencing, Appellant's counsel conceded that Appellant had not complied with

---

[2] The five 18 U.S.C. § 3553(f) factors are:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines; (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

the disclosure requirement and did not seek to cure the deficiency. Counsel for the Government specifically requested that the district court query Appellant to see if he wanted to debrief or not. Appellant stated that he did not wish to debrief. Additionally, Government's counsel stated that "I just want it to be on record that it has been explained to him what safety valve is about and that he hasn't taken advantage of it." Id. at 9. In response, Appellant's counsel stated that "if he were to debrief again, I don't think he could provide any information to change things." Id.

Since Appellant did not present evidence at sentencing that he had complied with the safety valve requirements set forth in 18 U.S.C. § 3553(f), the district court was required to impose the mandatory minimum sentence of 120 months. The district court was not required to make specific findings regarding Appellant's eligibility because Appellant failed to object to the factual findings in the Presentence Report regarding his eligibility for safety valve relief. Id. at 14. Appellant also did not indicate at any time during the sentencing hearing that he wished the court to make a finding on the safety valve elements. Additionally, the district court thoroughly queried Appellant about whether he wanted to debrief, and Appellant indicated that he did not wish to do so. Appellant did not lodge an objection at any point and indicated that he wished to proceed to sentencing with full knowledge that the district court did not have the power to go

below 120 months.  There is no basis in the record for Appellant's claim of error.

For the reasons stated herein, the case is AFFIRMED.


Entered for the Court


Monroe G. McKay
Circuit Judge